We'll hear argument next in Lall v. Sessions, 162828. Good morning, Honors. May it please the Court, my name is Joshua Bourdavid, attorney for Ms. Lall, the petitioner. Ms. Lall's testimony alone could have been sufficient to establish her eligibility for adjustment of status, and the IJ's statements to the contrary prior to hearing testimony evidenced a predisposition to deny the matter. At the outset, it's important to just give a brief overview of the adjustment of status law. That is to say that an individual can apply for their permanent residency from within the United States so long as they establish that they were admitted by an immigration official from the United States in any manner. That admission can occur through a valid visa, through the presentation of a lawful permanent resident card, or even through fraud. It does not matter. As long as they can establish that they were admitted by a U.S. government official, they can apply for their permanent residency from within the United States. The Board, in matter of Reguian in 1980, and then later reaffirmed in matter of Killanton in 2010, stated that an individual's testimony alone can be sufficient to establish that they were admitted. That they don't need to present documentation of that admission. They don't need to present a passport. They don't need to present a stamp. That if their testimony, if believed, can be legally sufficient. Here you see you have a situation where there had been deception prior to this. Absolutely. That could be taken into account by the judge. The IJ didn't actually do that, but then there was further deception that later on convinced the IJ not to be able to do it. The other side takes issue with your fact that she had pre-judged the case because she allowed the case to go on. It's not automatic that you just take the word of the petitioner and accept it. It's got to be weighed against the other evidence. It's got to be weighed against the various factors that indicate there were prior issues of credibility. It's got to be weighed against the other evidence. It seems to me that she was just saying, this is the hurdle that you face. That doesn't mean that I've decided the case. It's just saying that this is not easy, maybe telling her that she's got to get corroboration. Yes, Your Honor. We absolutely don't maintain the position that it should be automatic and that her testimony is very relevant and whether it's found credible. The key issue is that in this instance, the barn doors were already left open. If you read what the judge said . . . So if you read what the judge said on page 97 of the record prior to taking testimony, the immigration judge made no mention of Ms. Law's credibility or her concerns about this specific case. The judge refers to a general matter and she says, where there's no proof that somebody . . . and she's speaking in general terms . . . where there's no proof that somebody entered at an airport. In the normal case, people say, well, I entered that way, but I don't have anybody who's willing to come forward and testify to it. There's no passport or anything like that, and therefore, I have concerns that you're going to be able to meet your burden. So again, the judge is not talking about Ms. Law's case. She's just talking about the general case. And actually, prior to saying this, the judge says, I've never seen anyone try to do this, except that's not what the law says. The law says that she can do it without a passport. She can do it on her testimony alone. The judge is not alerting Ms. Law to her concerns about her credibility. The judge is saying essentially, misstating the law, that you're not going to be able to meet your burden because it's just you testifying and you don't have a passport. And that's what we're talking about. So you're going to be, it's going to be a really tough uphill battle. Yes. So if I express a concern and tell you, this is going to be an uphill battle, can't you take that as trying to help you figure out what else you need as opposed to I'm prejudging? That's why I asked the question, what do you mean by prejudging? What I mean is that the judge is essentially misstating the law, because that's not what the law says. The law says that a person's testimony and the board had recently, just prior to hearing Ms. Law's hearing before the immigration judge, the board in 2010 had reaffirmed its position that actually a person's testimony alone is or can be sufficient. And what the judge is telling her is that, no, it can't be. I don't see how you're going to be able to meet your burden. The judge says, I've never seen anyone do this. All the other people do take some other avenue or try to seek some other. Why is it not a signal that the judge believes that the testimony alone may not be credible? Because the judge made no mention of her credibility, and the judge wasn't talking about her . . . You were told that she had admitted, and the judge knew that she had admitted that she previously committed fraud . . . Yes, Your Honor. . . . to try and procure an immigration benefit. Correct. And what the board said was that they read this as the judge alerting Ms. Law to her concerns, the judge's concerns about Ms. Law's credibility. But again, the judge's decision stands or falls based on the . . . Are you also saying then that you would not be making this argument had the immigration judge mentioned a concern specifically about credibility? Yes, Your Honor. Absolutely. So that's where this really falls or rises. Because what concerns us about this decision and the judge's statements essentially indicating a predisposition is that she is talking in general terms about what an applicant is requiring. So in other contexts, when we're viewing comments by a district court judge or an immigration judge or even an executive agency determination, we don't require some specific specification, some specific magic words. You're asking us in this case to require specific magic words. That is, I've got a concern about your credibility. Otherwise, we need to view it as prejudgment of some sort. Is that right? No, that's not. What are you asking us to do? What I'm asking you to do is look at the board's decision. And what the board said was they dismissed this language as alerting her to the judge's concerns about her credibility. But that's just a complete misrepresentation of what the immigration judge was saying. There was no indication whatsoever that she's talking about Ms. Law's specific case or credibility. And so generally, there's not a requirement of using magic words, as Your Honor states. But in this case, it's a complete misrepresentation of what, in fact, the judge was saying. And the judge was talking about the legal requirements in general about what other people do, not about Ms. Law's case. So it's clear it's not just using magic words, but the judge is actually just completely getting the law wrong. And that's why we believe the judge was predisposed to deny this case. And everything that came after that was simply a justification for what the judge had already reached a determination based on the law. How about the fact that the judge even offered the defense, or when I say defense, the petitioner here? Yes, Your Honor. To have the mother-in-law testify. I mean, why was she doing that if she was leaning towards the government's position? Well, that's precisely the point, Your Honor, that she was indicating that she didn't believe, as a matter of law, that Ms. Law was going to be able to meet her burden through her own testimony. She had already provided an earlier, a different date, the February 2001 date at the interview. And she had to be, in order to qualify, be admitted prior to that, by November of 2000. And so she'd already provided a date that did not work, and now she was testifying to an earlier date. So there were all sorts of problems with her, and it's reasonable under those circumstances, it seems to me, for the IJ to want corroboration. And even then, she's going to look kindly at her if she provides corroboration. So she's just the mother-in-law, and the mother-in-law is not surprised why. Because, you know, it might have contradicted her earlier statement, because the mother-in-law apparently filled out the application that had the later date on it. But it doesn't seem to me that the IJ had pre-judged this case, as Judge Keenan points out. She was trying to see whether there was a way through the mess. I do see my time's up. If I could just briefly respond to that. It's not entirely clear that Immigration Judge was aware of that discrepancy, which later came out during the testimony. And again, that's why we go back to our original point, that the Immigration Judge clearly believed that there was no way an individual, as a general matter, was going to be able to meet her burden of proof, as she stated, which was contrary to the BIA's decisions. And that's why we believe that she was predisposed. I do see my time's up, and I've May it please the court. Jonathan Robbins here on behalf of the United States Attorney General. Good morning, your honors. Petitioner is only raising one claim in this case. He's not challenging the actual underlying adverse credibility determination. She is only raising a claim that the Immigration Judge was biased. And that claim of biased is based on the pre-conference hearing that occurred on March 23rd, 2015. It's located at pages 92 to 98 of the record. And the essential, the claim here, I think once you take a look at the pre-conference hearing and the context in which the hearing took place, that you'll see that not only is this not a case of bias, this is a case of an Immigration Judge doing what we want Immigration Judges to do. The primary concern that the Immigration Judge had when you look at this is that she wanted to determine whether Petitioner had considered the waivers under either 601 or 601A, specifically the 601A waiver. The 601A waiver is a preferable form of waiver because it allows the alien to file the waiver from inside the United States and waives unlawful presence. And Petitioner's counsel correctly informed her that Petitioner wouldn't have been eligible for that waiver because of the prior fraud. And the Immigration Judge was trying to figure out whether there was some way to waive that fraud so she could get that form of relief. Because I think the Immigration Judge had been sort of deciding to pursue this case which on its face already had some consistency issues regarding the manner and date of entry and wanted to make sure that Petitioner wasn't boxing herself into a difficult credibility case where she might have otherwise had a form of relief. Now ultimately they didn't pursue those different other types of waivers but that's not indicative of bias. And in fact when you look at this court's case law on bias, bias has to be extrajudicial in nature. It can't be, it has to be some sort of personal bias or shed some sort of doubt on the credibility of proceedings or the propriety of proceedings or be hostile in some way. The Immigration Judge was trying to figure out if there was a way through the mess as Your Honor alluded to before. That's not bias and that's certainly not prejudgment of the case. In fact here, I mean what struck me is that the Immigration Judge says on 97, which I think you cited, it's just that you know not prejudging the case in any way but almost everybody who came in and of course this is Mr. Bardavid's manner. He, the judge goes on to say almost everybody who comes in in the manner that your client entered has sort of say this you know we're on the record so I need to use my words carefully and goes on but it's the beginning of it is I am not prejudging the case in any way. Exactly Your Honor. I mean it's not bias for the Immigration Judge to state the obvious. I mean don't forget there was a pre-hearing statement filed so everybody knew what was going to be the issues that were going to be litigated. There was already evidence in the record where Petitioner had submitted documents where she claimed to have entered without inspection and admission which is contradicting her new claim which is why at the beginning of the pre-conference hearing the judge confirmed you're going to be proceeding with this new story. She said yes and you're the only one that's going to be testifying in other words pointing out that they weren't planning on corroborating a claim and of course when you present testimony of somebody who's already been not credible of course that's going to be a difficult burden. It's not bias to state the obvious and the Immigration Judge was you know repeatedly the Courts of Appeals have sort of nicked the agency or nicked Immigration Judges for not giving the applicants an opportunity to address concerns about credibility. Here the Immigration Judges maybe not directly but implicitly bring it to their intention and looking for ways out for the Petitioner. That is not bias. So unless the court has any other questions the government would rest on the briefs. Thank you very much for your time your honors. Just briefly your honors I would just draw the court's attention to the board's dismissal of the bias claim is saying that the judge was alerting Ms. Lal that there was a credibility issue and nothing in what occurred what transpired in that pre-conference hearing what your judge cited what your honor cited on page 97 and the following statements is was there any discussion of Ms. Lal's credibility. So there's no way that this could have been construed especially as a credibility or an alert to her credibility especially where the judge was just talking about the general requirements. So where there's no proof that somebody entered at an airport in the normal course of things I know you've got a problem with that but people say well I entered that way but I don't have anybody who's willing to come forward and testify to it there's no passport or anything like that. There's a way of reading this certainly it's not an implausible way of reading it to suggest that there's a credibility problem that the judge is identifying and letting your client know and your client's counsel more importantly know maybe you want to address that. Is that a fair reading of that? Uh no your honor just our position because she says in the normal course of of things she's talking about general what people do not Ms. Lal. All right your position is is clear. Thank you. Thank you your honors. We'll reserve decision.